# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

CORA BERGAN,

                Plaintiff,           1:07-cv-120

   v.

KMART CORPORATION,

                Defendant,

TO:   Lee J. Rohn, Esq.
        Eugenio W.A. Geigel-Simounet, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant Kmart to Respond to Plaintiff's Second Demand For Production Fo [sic] Documents (Docket No. 32). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Having reviewed the said motion, the Court finds that Plaintiff has failed to adhere to the requirements of LRCi 37.2. Despite counsel's "Certification Pursuant to LRCi 37.1" contained in the motion, it fails to conform to the local rules. Parties, and particularly counsel, are expected, indeed, required, to know and adhere to all the rules of procedure. Moreover, the correct procedure is found in LRCi 37.2, not LRCi 37.1.

Plaintiff claims in her motion that a meet and confer has been held. In that instance, Rule 37.2 states, "If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1." LRCi 37.2(a).

In this matter, Plaintiff has not filed a stipulation in conformance with LRCI 37.2(a). Rule 37.2(c) addresses this circumstance and specifically provides:

> The Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

LRCi 37.2(c).

Thus, in the absence of a stipulation and a declaration from counsel for Plaintiff establishing the failure of opposing counsel to meet and confer after receiving a letter as described in LRCi 37.1 or refusal to sign the stipulation, this Court will not consider Plaintiff's said motion and will deny the same without prejudice.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel Defendant Kmart to Respond to Plaintiff's Second Demand For Production Fo [sic] Documents (Docket No. 32) is **DENIED WITHOUT PREJUDICE**.

ENTER:

Dated: September 8, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE